UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA CUMMINGS, : | |
| : | |
| PLAINTIFF, : | |
| : | Civil Action No. 08-0289 (PLF) |
| v. : | |
| : | |
| WOODSON SENIOR HIGH SCHOOL : | |
| PUBLIC SCHOOLS, et al., : | |
| : | |
| DEFENDANTS. : | |

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINTAND FOR A STAY OF THE MEET AND CONFER STATUS CONFERENCE SCHEDULED FOR APRIL 22, 2008.**

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), hereby move this Court to dismiss plaintiff's "Amended Complaint" for lack of subject matter jurisdiction. Should this Court not dismiss the amended complaint in its entirety, defendants move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of any claims and requests for relief herein brought pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§1231 *et seq.* ("ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* ("Section 504"). Defendants also move this Court to dismiss Woodson Senior High School and the District of Columbia Public Schools ("DCPS") as *non suis juris*, and to dismiss Mayor Adrian Fenty because the "Amended Complaint" contains no allegations of wrongdoing by this defendant. Defendants further move this Court to stay the Meet and Confer Status Conference scheduled for April 22, 2008, until a decision has been issued regarding the instant motion.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities.

1

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
Email – maria.merkowitz@dc.gov

March 31, 2008

UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA CUMMINGS,                         : | |
|                                       : | |
|     PLAINTIFF,                        : | |
|                                       : | Civil Action No. 08-0289 (PLF) |
|     v.                                : | |
|                                       : | |
| WOODSON SENIOR HIGH SCHOOL            : | |
|   PUBLIC SCHOOLS, et al.,             : | |
|                                       : | |
|     DEFENDANTS.                       : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

**INTRODUCTION**

On May 31, 2007, an administrative hearing officer ("HO") issued a final administrative decision dismissing plaintiff's complaint, filed pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400 et seq. In response to the dismissal, plaintiff did not file a complaint in either the United States District Court for the District of Columbia or in the District of Columbia Superior Court, as permitted by 20 U.S.C. Sec.1415 (i)(2)(A). Instead, plaintiff filed a Petition for Review in DC Superior Court on August 24, 2007, which was deemed a petition seeking review under the Merit Personnel Act ("MPA"). The Petition did not state which agency's decision was being appealed and stated the date of the decision as the "23rd of August, 2007." (Petition at 1)

On August 28, 2007, plaintiff served the District of Columbia Schools, a *non sui juris* entity, but did not serve either the Mayor or the Office of the Attorney General for the District of Columbia ("OAG"). On January 23, 2008, DC Superior Court Judge

3

Leibovitz, contacted the OAG and ordered an attorney from the OAG to appear at a scheduling conference hearing on January 24, 2008. On that date the undersigned appeared and moved to dismiss the case on a number of grounds, including lack of service on the defendants. Neither plaintiff nor her counsel was present at the hearing and the motion was denied. (DC Superior Ct. Docket entry 1/4/08)

On January 7, 2008, the undersigned filed a Motion to Dismiss the Complaint in DC Superior Court, on the grounds that the court lacked jurisdiction over the case, which had been filed pursuant to the MPA[1]. (Defendants' Motion to Dismiss)[2] Plaintiff did not respond to the motion. On January 31, 2008, the court denied defendant's motion and granted plaintiff leave to file an "amended complaint." On February 16, 2008, plaintiff filed an "amended complaint." As of that date neither the OAG nor Mayor Adrian Fenty had been served.

## ARGUMENT

**I. Plaintiff's "Amended Complaint" Must be Dismissed Because it is Barred by the Applicable Statute of Limitations and the Court Lacks Subject Matter Jurisdiction Over it.**

The IDEIA provides that a party bringing an action to appeal a Hearing Officer's Decision ("HOD") "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action …, in such time as the State law allows." 20 U.S.C. Sec. 1415(i)(2)(B).

---

[1] Defendants did not concede jurisdiction when they filed their Motion to Dismiss, but stated that they were only filing the written motion at the behest of the Court.

[2] In an oral ruling dated November 16, 2007, DC Superior Court Judge Mary A. Terrell granted Defendant's oral Motion to Dismiss in a case virtually identical to that at hand, where plaintiff, represented by the same counsel as here, filed a Petition for Review instead of a Complaint when attempting to appeal an adverse ruling under the IDEIA. *See Miller v. District of Columbia Public Schools,* 2007 CA 005908 P (MPA).

4

Plaintiff seeks review of an HOD under IDEIA.  20 U.S.C. 1415(i)(2)(A) provides:

> [A]ny party aggrieved by the findings and decision made under this subsection, shall have the right to bring a **civil action** with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.  [Emphasis added.]

Sup. Ct. Civ. R. 3 provides "A civil action is commenced by filing a complaint with the Court."  Sup. Ct. Civ. R. 8 provides that the complaint must contain:

> (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

Plaintiff's one page Petition filed in DC Superior Court was not the equivalent of the "civil action" contemplated by IDEIA. Additionally, neither the Mayor nor the Office of the Attorney General for the District of Columbia ("OAG") was ever served with a copy of the petition.

Plaintiff did not file a "civil action" until February 16, 2008, more than eight months after the Hearing Officer issued his decision, and after the statutory time had expired.  Accordingly, plaintiffs' "Amended Complaint" is time barred and this Court has no jurisdiction over the subject matter. *See, e.*g., *R.P. v. District of Columbia*, No. 07-7051 (D.C. Cir. March 31, 2008);  *Smith v. District of Columbia,* No. 07-186; (D.D.C. July 30, 2007); No. 06-1497 (D.D.C. February 22, 2007); *Anthony v. District of Columbia,* No. 06-0192 (D.D.C. May 22, 2006).

## II.   Standard of Review for Dismissal of Claims Pursuant to SCR-Civil 12(b)(6)

Should this Court determine that it has subject matter jurisdiction over plaintiff's "Amended Complaint" it must nonetheless dismiss several of the claims contained therein. In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court may grant a motion to dismiss when it appears beyond doubt that under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Fingerhut v. Children's Nat. Med. Center*, 738 A.2d 799, 803 (D.C. 1999); *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the Plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law or sweeping and unwarranted averments of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations" *Id.*

The plaintiff bears the burden of establishing subject matter jurisdiction; the plaintiff must overcome the presumption that the court lacks jurisdiction. *Whitmore v.*

6

*Arkansas,* 495 U.S. 149, 154-55 (1990); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

**III.   The Plaintiff does not have a claim under either Section 504 of the Rehabilitation Act or under the Americans with Disabilities Act.**

Complaints arising under IDEIA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute — intended to bar employment discrimination against handicapped individuals under federally financed programs, e.g., *Consolidate Rail Corp. v. Darrone*, 465 U.S. 624, 626 (1984) — is wholly irrelevant here. The "Amended Complaint" does not assert that any discriminatory employment claims are involved in this action. To the extent the "Amended Complaint" may be limited to administrative activities relating to "a free appropriate public education" under IDEIA, the Supreme Court long ago made clear that IDEIA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education of the Handicapped Act ("EHA"), which is the precursor of the IDEIA, the Court stated:

> [T]here is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

*Smith v. Robinson*, 468 U.S. 992, 1019 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, a plaintiff must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. § 794. *See also Lavon Savoy-Kelly v. Eastern High School,* Civ. No.

7

04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of the IDEIA, a plaintiff must demonstrate "something more than a mere failure to provide the "free and appropriate public education" required by IDEIA. *Lunceford v. District of Columbia Board of Ed.*, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d at 1170-71 (8th Cir. 1982)). Hence, the plaintiff must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" *Monahan*, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

       Here, the plaintiff's "Amended Complaint" makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. However, even if Section 504 were deemed applicable, plaintiff's "Amended Complaint" fails properly to allege a claim as it lacks factual allegations essential to a cause of action under this statute. Accordingly, plaintiff's failure to allege any facts or make any arguments whatsoever as to her Rehabilitation Act claim must results in its dismissal. See, *Lavon Savoy-Kelly v. Eastern High School, supra*, slip op. at 10.

       The Americans with Disabilities Act ("ADA") also pertains to discrimination in employment. The ADA prohibits covered employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

In order to make out a prima facie case under the ADA, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [defendants] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position sought; and (4) that the [defendants] refused to make such accommodations." *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 5 (2d Cir. 1999) (citing *Stone v. City of Mount Vernon,* 118 F.3d 92, 96-97 (2d Cir. 1997), *cert. denied,* 552 U.S. 1112 (1998)). This is not a case concerning employment discrimination, nor is there any mention of such in the Complaint, with the exception of the reference to the ADA.

### IV. The District of Columbia Public Schools is Non Sui Juris and must be dismissed.

In addition to the Government of the District of Columbia, plaintiff also names the District of Columbia Public Schools ("DCPS") and Woodson Senior High School as defendants in the case caption. However, both Woodson Senior High School, a District of Columbia public school, and the DCPS are *non sui juris*.

It is well-established that a governmental entity, or one of its parts, may neither sue nor be sued in the absence of a statutory provision to that effect. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia,* 53 F. Supp.2d 20, 26 (D.D.C. 1999); *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-217 (D.C. 1978). As the *Braxton* court held, "A non corporate department or other body within a municipal corporation is not *sui juris.* Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities." *Braxton,* 396 A.2d at 216 (internal citations omitted); *see also Simmons v. D.C.*

9

*Armory Bd.,* 656 A.2d 1155, 1156-57 (D.C. 1995); *Group Health Association v. D.C. General Hospital,* 540 A.2d 1101 (D.C. 1988); *Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974); *Dunmore v. District of Columbia*, 662 A.2d 1356 (D.C. 1995); *Roberson v. District of Columbia Bd. of Higher Education*, 359 A.2d 28 (D.C. 1976).  See also *Hinson v. Merritt Educational Center*, Civ. No. 07-934 (D.D.C. November 13, 2007).  Since there is no legislation endowing the District of Columbia Public Schools with the capacity to sue or be sued, neither the District of Columbia Public Schools nor Woodson Senior High School is a proper party to this suit.

### V.      Mayor Adrian Fenty should be dismissed as a defendant.

While plaintiff names Mayor Adrian Fenty as a defendant in the case caption, there are no allegations of wrongdoing on his part in the body of the "Amended Complaint." (See "Amended Complaint," generally). Accordingly the Mayor must be dismissed as a defendant. See *Hinson v. Merritt Educational Center*, Civ. No. 07-934 (D.D.C. November 13, 2007).

### CONCLUSION

For the reasons set forth above, defendants submit that plaintiffs' "Amended Complaint" is barred by the applicable statute of limitations and that this Court has no jurisdiction to hear the matter. Defendants further contend that plaintiff's claims seeking relief pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§1231 *et seq.* ("ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* ("Section 504") must be dismissed because plaintiff has failed to make allegations sufficient to establish a *prima facie* case.  Defendants also contend that DCPS and Woodson Senior High School

must be dismissed as defendants because they are *non sui juris*, and that Mayor Adrian Fenty must be dismissed as a defendant because the "Amended Complaint" contains no allegations of wrongdoing on his part.

Additionally, in the interests of judicial economy, defendants seek to have this Court stay the Meet and Confer Status Conference scheduled for April 22, 2008, until a ruling has been issued on defendants' Motion to Dismiss.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> **/s/ Edward P. Taptich**
> EDWARD P. TAPTICH
> Chief, Equity Section 2
> Bar Number 012914
>
> **/s/ Maria L. Merkowitz**
> MARIA L. MERKOWITZ
> Assistant Attorney General
> Bar Number 312967
> 441 Fourth Street, N.W., Sixth Floor South
> Washington, D.C. 20001
> (202) 442-9842
> E-mail: Maria.Merkowitz@dc.gov

March 31, 2008.