UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA CUMMINGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-0289 (PLF) |
| v. | ) |
| | ) |
| WOODSON SENIOR HIGH SCHOOL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Pursuant to the order of the court dated April 18, 2008, Fed. R. Civ. P. 7, Plaintiff by counsel opposes defendant's motion to dismiss and states that the court has jurisdiction to hear the case. Pursuant to LcvR 7.1(b) opposing points and authorities, and a proposed order is also attached.

Respectfully submitted,
Law offices of Olekanma A. Ekekwe, PC

*/s/Olekanma Ekekwe*
Olekanma Ekekwe, Esq.
DC Bar No. 479967
Law offices of Olekanma A. Ekekwe, PC
1001 Pennsylvania Avenue NW, Suite 160600
Washington, DC 20004
(202) 742-6694(O)
(1800) 524-2370(F)
academy@olekanmalw.com

## CERTIFICATE OF SERVICE

I certify that a copy of plaintiff's opposition to defendants' motion to dismiss is served electronically the attorney of record for defendants, on this day April 23, 2008.

_/s/Olekanma Ekekwe_
Olekanma Ekekwe, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA CUMMINGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-0289 (PLF) |
| v. | ) |
| | ) |
| WOODSON SENIOR HIGH SCHOOL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Plaintiff prays the court to deny the relief sought by Defendant

**STATEMENT OF FACT**

J.C. is a seventeen year-old girl, who was a disabled student, receiving services under a 504 Plan. JC attends H.D. Woodson Senior High School. J.C. had health conditions that often prevented her from attending school. J.C.'s mother asked the special education coordinator for services and current evaluations in November 2006 because the student had been hospitalized and was falling behind in her class work. DCPS did nothing in response to such request. DCPS failed to fill out the form that would enable J.C. to receive appropriate accommodations for standardized testing. J.C.'s evaluations are outdated. A request for evaluation of the student for special education services has not been delivered to DCPS since the 2004 ineligibility decision. While waiting for DCPS to evaluate her, J.C. suffered several academic difficulties. Plaintiffs want DCPS to provide appropriate educational and related services to enable JC to continue to make appropriate academic progress. Plaintiffs want DCPS to evaluate J.C. for special education services. Parent filed due process hearing requests. The hearing officer denied the relief that parent sought. The hearing officer erroneously indicated that JC is not a child with disabilities. Supposedly, the hearing officer issued an order on May 31, 2007. However, the order was not served on parent or counsel for

the parent until August 22, 2007 after counsel for parent made requests for the hearing officer's determination.

Parent file an appeal of the hearing officer's determination on August 24, 2008 at District of Columbia Superior Court and a copy of the appeal was served on defendants on August 28, 2007. Defendants failed to answer and case was brought for status at which time the court requested that defendants respond.

Defendant moved to dismiss the matter. The court denied Defendant's motion. Defendant then moved to have the case moved to the federal Court.

## ARGUMENTS

I. **Plaintiff State A Claim Upon Which Relief Can Be Granted As required under Fed. R. Civ. P. 12(B)(6)**

Plaintiffs' Complaint was sufficient to sustain a cause of action. In Scheuer v. Rhodes, 416 U.S. 232, 236 (U.S. 1974), the court stated the following:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is . . . whether the claimant is entitled to offer evidence to support the claims. . . . [Whether] it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . is not the test.

A district court may grant a motion to dismiss a complaint for failure to state a claim "only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266 (4th Cir. 2005) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Plaintiffs' have asserted several facts in the Amended Complaint, which entitle them to relief, such as the failure of conduct reevaluation of JC and evaluate JC upon the request of parent and failure to provide a FAPE to JC. as it is required to do under the Individuals with Disabilities in Education Act, and section 504 of the rehabilitation act. See generally, 20 U.S.C.A. §§1400-1487 (West Supp. 2006). Because Plaintiffs have

asserted sufficient facts to state a claim upon which relief may be granted, Defendants' Motion to Dismiss should be denied.

II. **Mayor Adrian Fenty is Not Entitled To Qualified Immunity**.

   a. **Mayor Adrian Fenty is not entitled to qualified immunity where he is being sued in his official capacity.**

The defense of qualified immunity "shields government officials performing discretionary functions from *personal-capacity* liability for civil damages under §1983, 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Ridpath v. Bd. Of Governors Marshall University et al., 447 F.3d 209, 213 (4th Cir. 2006) (quoting Wilson v. Layne, 526 U.S. 603, 609 (1999)) (emphasis supplied). Thus, the defense "is not available in an official-capacity suit brought against a government entity or a government officer as that entity's agent. 447 F.3d at 213.

The Court in Ridpath denied the defense of qualified immunity as asserted by the Board of Governors at Marshall University, because in that case, the Board was being sued in its capacity as a "public institution" for making an employment decision adverse to the plaintiff in retaliation for his reporting student athletes to the NCAA for committing academic fraud and other violations.

Similar to the instant case, the plaintiff in Ridpath sued the Board for its collective official action, rather than the individual members in their personal capacity; for this reason, the defense of qualified immunity was denied. Likewise, Defendant Fenty's defense should also be denied.

In <u>Ky. v. Graham</u>, 473 U.S. 159 (1985), the U.S. Supreme Court helped to clarify further the distinction between personal and official capacity suits under §1983. The Court held that,

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law…Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent."

<u>Graham</u> at 165 (quoting <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690, n. 55 (1978)). The Court further explained, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity…It is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u> at 165.

In <u>Brandon v. Holt</u>, the U.S. Supreme Court observed that suing the Head of a governmental body is tantamount to suing the governmental body itself. <u>Brandon v. Holt</u>, 469 U.S. 464 (U.S. 1985). The Court held, the "[f]or the purpose of evaluating the city's potential liability . . . our opinion clearly equated the actions of the Director of the Department in his official capacity with the actions of the city itself." <u>Id.</u> at 472.

Similarly, the Mayor Adrian Fenty can be sued in his official capacity as an agent of the District of Columbia Government. Mrs. Cummings does not contend that Defendant Fenty's personal discretionary acts resulted in the deprivation of her son's federal rights; rather, because he is the head of the governmental entity responsible for the deficient administration of education services to JC., he is liable in his official capacity under 42 U.S.C. §1983. Thus, the defense of qualified immunity is not available, because Defendant Fenty is not being sued in his personal capacity. Mayor Adrian Fenty's defense is thus without merit.

For these reasons, the Mayor is not entitled to assert the defense of qualified immunity at all. The motion to dismiss should be denied.

### b. Even if the Court finds that Defendant Fenty is entitled to assert qualified immunity, the defense does not apply where a right is clearly established.

Under the Circuit Court's decision in Ridpath,

> Government officials are entitled to the defense of qualified immunity unless a §1983 claim satisfies the following two-prong test: (1) the allegations underlying the claim, if true, substantiate the violation of a federal statutory or constitutional right; and (2) this violation was of a clearly established right of which a reasonable person would have known.

Ridpath, 447 F.3d at 214. A right is clearly established where, the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). The test is thus one of objective reasonableness.

There is no question here that the right to a Free Appropriate Public Education for students with disabilities is clearly established, because such right was expressly codified by statute. See Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C.A. §§1400(d)(1)(A) (West Supp. 2006).

This Court has expressly recognized that Congress has defined FAPE as "special education and related services that…(A) have been provided at public expense, under public supervision and direction, and without charge; (B) meet the standards of the State educational agency; (C) include an appropriate…education in the State involved; and (D) *are provided in conformity with the individualized education program required under section 1414(d) of [the IDEA]*."

III. **Plaintiff has a potential claim under Title II of the American with Disability Act of 1990 (ADA) 42 U.S.C §§ 1231 et seq.; the Rehabilitation Act (section 504), 29 U.S.C §§ 701 et seq.**

42 U.S.C. § 12112(a). In order to make out a prima facie case under the ADA, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [defendants] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position sought; and (4) that the [defendants] refused to make such accommodations." *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 5 (2d Cir. 1999) (citing *Stone v. City of Mount Vernon,* 118 F.3d 92, 96-97 (2d Cir. 1997), *cert. denied,* 552 U.S. 1112 (1998)).

In this case although, it is not about employment, Defendants had notice of JC' s disabilities. Defendant failed to make accommodation for JC and Defendants refused to make accommodation.

**WHEREFORE**, Plaintiff respectfully requests the Court not to grant the relief sought by defendants.

        Respectfully submitted,
        Law offices of Olekanma A. Ekekwe, PC

        __/s/Olekanma Ekekwe_____
        Olekanma Ekekwe, Esq.
        DC Bar No. 479967
        Law offices of Olekanma A. Ekekwe, PC
        1001 Pennsylvania Avenue NW, Suite 160600
        Washington, DC 20004
        (202) 742-6694(O)
        (1800) 524-2370(F)
        academy@olekanmalw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA CUMMINGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-0289 (PLF) |
| v. | ) |
| | ) |
| WOODSON SENIOR HIGH SCHOOL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

# ORDER

On consideration of the Defendants' motion to dismiss the complaint and the opposition thereto, good cause haven been shown, it is, this ___ day of _____, 2008,

**ORDERED**, that the Defendants' motion is **Denied**, and it is

**FURTHER ORDERED**, that Defendants shall file an answer to Plaintiff's Complaint no later than May 4, 2008.

_____
JUDGE Paul Friedman