**UNITED STATES DISTRICTCOURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IDA CUMMINGS, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | **Civil Action No. 08-0289 (PLF)** |
| v. | : | |
| | : | |
| WOODSON SENIOR HIGH SCHOOL | : | |
| PUBLIC SCHOOLS, et al., | : | |
| | : | |
| DEFENDANTS. | : | |

_____

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Come now defendants, by counsel, and reply to Plaintiff's Opposition to Defendants' Motion to Dismiss as follows.  On May 31, 2007, an administrative hearing officer ("HO") issued a final administrative decision dismissing plaintiff's complaint, filed pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400 et seq.  On that same date the Student Hearing Office ("SHO") of the District of Columbia Public Schools attempted several times to fax a copy of the decision to Plaintiff's counsel, but was unsuccessful.[1] (Ex. 1)    A copy of the administrative decision was subsequently successfully faxed on August 22, 2007.  (Ex. 2)[2]

Even assuming that Plaintiff's counsel was not served a copy of the HOD until August 22, 2007 – and that the 90-day period for an appeal under the IDEIA began to run

_____

[1] The undersigned was informed by Ms. Sheila Hall, the Operation Manager and Director of  SHO that the fax number SHO had on file for plaintiff's counsel was outdated and a new number had not been provided to SHO. The undersigned was further informed by Ms. Hall that the normal procedure for SHO is to mail a copy of an HOD postage prepaid first class if a fax is unsuccessfully transmitted.  However, the undersigned has no documentation proving that this was done.
[2] The number of the receiving fax is different than the one where the first transmittal was sent.

on that date -- an appeal of that HOD was due by November 20, 2007.  However, plaintiff did not file a Complaint challenging the HOD pursuant to 20 U.S.C. Sec.1415 by that date.  Instead, plaintiff filed a Petition for Review in DC Superior Court on August 24, 2007 -- one deemed by that Court as a petition seeking review under the Merit Personnel Act ("MPA").  The Petition did not state which agency's decision was being appealed and stated the date of the decision as the "23rd of August, 2007."  (Defendants' Motion to Dismiss at 3)  Neither the Mayor nor the Office of the Attorney General for the District of Columbia was served with a copy of Plaintiff's Petition for Review.

The first "Complaint" under the IDEIA to be filed in the instant case was the "Amended Complaint" filed on February 16, 2008. Because that "Amended Complaint" was filed long after the 90 days following even August 22, 2007, it should be dismissed.

Defendants' arguments concerning Plaintiff's claims under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, Woodson Senior High School and Mayor Adrian Fenty, incorporated here by reference, were fully set forth in Defendants' Motion to Dismiss (pp. 7-10) and Defendants will not burden the court by repeating those arguments.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
for the District of Columbia
Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.,
Suite 6th floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

April 30, 2008